UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRUS TILLMAN                                                                                          PETITIONER

V.                                                                            CIVIL ACTION NO. 3:23-CV-3028-DPJ-ASH

SHERIFF MIKE LEE                                                                                      RESPONDENT

REPORT AND RECOMMENDATION

Tyrus Tillman, a minor, is a pretrial detainee being held at the Scott County Jail in Forest, Mississippi. He challenges his detention in this habeas action under 28 U.S.C. § 2241. As explained below, the undersigned recommends the Court (1) dismiss with prejudice the claims seeking dismissal of the charge against Tillman and his immediate release and (2) dismiss without prejudice for failure to exhaust any claims seeking an order forcing the state to bring him to trial.

I.      Facts and Procedural History

On October 14, 2022, a Scott County Justice Court Judge issued an arrest warrant on a murder charge for Tillman, who was then sixteen years old. Tillman was arrested on October 17, 2022, and had an initial appearance before the Scott County Justice Court two days later, at which he was denied bond. Tillman again appeared before the justice court on November 17, 2022, to waive his right to a preliminary hearing. Tillman's waiver of preliminary hearing form reflects that, at least as of that time, he was represented by counsel. State Ct. R. [23-1] at 3.

More than a year later, on November 28, 2023, the Scott County Grand Jury indicted Tillman and two others on a first-degree murder charge. According to the arraignment form filed of record in Scott County, at Tillman's November 2023 arraignment the Circuit Judge set the case for a February 20, 2024 trial. The arraignment form also indicates the Circuit Court

appointed Tillman counsel, although the name of the appointed attorney is not listed. State Ct. R. [23-2] at 4. On February 20, 2024, on Tillman's motion filed by counsel, the Scott County Circuit Court continued the case until its June 2024 term. *See* State Ct. R. [30-1] at 18.

Tillman filed his § 2241 petition in this Court on October 23, 2023. He asserted four grounds for relief:

Ground One:   Tillman was "illegally interrogated" outside the presence of his parents and despite asking for a lawyer. Pet. [1] at 6.

Ground Two:   He is a "minor being illegally held in an adult facility." *Id.* at 7.

Ground Three: Officers "made [him] sign papers forcefully." *Id.*

Ground Four:  He is being denied his medications and mental healthcare. *Id.* at 8.

On April 17, 2024, the Court severed Ground Four into a separate 42 U.S.C. § 1983 case. Order [31]. Tillman has filed several attachments to his petition, which the Court has considered. He also filed a motion [18] for a settlement conference. Respondent Sheriff Mike Lee moved [22] to dismiss the petition; Tillman failed to respond.

II.   Analysis

   A.   Federal Rule of Civil Procedure 17(c)(2)

In its Order requiring Lee to respond to the petition, the Court directed him to "address[] any issues under Rule 17(c)(2) of the Federal Rules of Civil Procedure." Order [15] at 1. That Rule provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Though the Rule uses the word "shall," the Fifth Circuit has explained that it "does not make the appointment of a guardian ad litem mandatory. If the court feels that the infant's interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed."

2

*Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958) (citing *Wescott v. United States Fid. & Guar. Co.* 158 F.2d 20 (4th Cir. 1946)).

> But the rule does not mean that a trial judge may ignore or overlook such a fundamental requirement for the protection of infants. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the [c]ourt may, after weighing all the circumstances, issue such order as will protect the minor in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the [c]ourt has considered the matter and made a judicial determination that the infant is protected without a guardian.

*Id.* This "rule" provides little practical guidance for its application. Other district courts in the Fifth Circuit have concluded that appointment of a guardian is not necessary "if it is clear that no substantial claim could be asserted on the [minor's] behalf based on the allegations in the complaint." *Punch v. Victoria Cnty. Jail Med. Dep't*, No. 6:22-CV-22, 2023 WL 5613411, at *4 (S.D. Tex. Feb. 7, 2023) (quoting *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009)) (collecting additional cases); *see United States v. 42.5 Acres*, 834 F. Supp. 912, 917 (S.D. Miss. 1992) ("[S]ince the three infants in this case had no interest in defendant property to protect, the appointment of a guardian [i]s unnecessary.").

The Fifth Circuit has approved but not required the use of the law of a litigant's domicile to determine whether a person is a minor or incompetent. *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990) ("[W]e reject the notion that in determining whether a person is competent to sue in federal court a federal judge must use the state's procedures for determining competency or capacity."). Tillman is domiciled in Mississippi and is currently 17 years old.

Under Mississippi law, he is a minor. Miss. Code Ann. § 1-3-27.[1] This triggers the need to conduct a Rule 17(c) analysis in accordance with the "rule" in *Roberts*.

The undersigned has considered the matter and concludes that, given the nature of Tillman's claims and the procedural posture, Tillman's interests are protected without a guardian and a guardian is unnecessary. In particular, and as explained below, Tillman's claims seeking dismissal of the pending state court charges against him and his immediate release are not cognizable in this habeas case. *See Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021). The undersigned has independently reached this determination, and the appointment of a guardian for Tillman could have no impact on this finding.

Turning to Tillman's speedy-trial claims seeking an order requiring the state to bring the petitioner to trial, those claims are cognizable under § 2241. Tillman, however, has failed to exhaust any such claims presented in his petition. *Black v. Gonzales*, No. 23-438, 2023 WL 2188722, at *1 (S.D. Tex. Feb. 23, 2023). This fact is evident from Tillman's admission in his own petition. Pet. [1] at 2 (denying that he filed a grievance or sought an administrative remedy with regard to his detention). But the state court record also objectively demonstrates an absence of facts supporting any argument of exhaustion. Again, the undersigned has made an independent determination of this. Appointment of a guardian cannot circumvent Tillman's obligation first to exhaust. A guardian could perhaps assist Tillman in undertaking those exhaustion efforts, but that is a matter for state court not the federal court in a habeas petition. To

---

[1] Although a minor, Tillman apparently has been charged as an adult. *See Ward v. State*, 914 So. 2d 332, 334 (Miss. Ct. App. 2005) ("The circuit court has original jurisdiction over a juvenile who commits an act that, if committed by an adult, is punishable by a sentence of life imprisonment." (citing Miss. Code Ann. § 43-21-151(1)(a))).

that end, Tillman *is* represented by counsel in the state-court proceedings. His state-court counsel can protect the constitutional rights at issue there.

Because the involvement of a guardian ad litem would not change the results at this point, the undersigned recommends that the Court decline to appoint a guardian ad litem under Rule 17(c)(2).

  B.  Claims Seeking Dismissal of Charge and Immediate Release

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham*, 2021 WL 5411549, at *1 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, a pretrial detainee "may not seek dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

On the other hand, where "special circumstances" are present, federal habeas corpus may lie "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those on which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington County*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and in whatever manner and against whomever

5

an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2 (S.D. Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context").

The Fifth Circuit has explained that "the [S]ixth [A]mendment right to a speedy trial is [not] a per se 'special circumstance.'" *Dickerson v. State of Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987). And Tillman has not shown that other special circumstances exist: there is no evidence of bad faith motivating the state proceedings; Tillman is not challenging a state statute; and he has not demonstrated that irreparable injury would occur absent federal intervention in the state-court proceedings. To the extent Tillman asks the Court to order him released and the murder charge against him dismissed, relief is unavailable under § 2241. The undersigned recommends the dismissal with prejudice of Tillman's claims seeking dismissal of the murder charge and his immediate release.

C. Speedy-Trial Claims Seeking an Order Forcing the State to Bring Tillman to Trial

A § 2241 petitioner may obtain relief in the form of an order "seeking to enforce his speedy trial rights through the setting of a prompt trial." *Black*, 2023 WL 2188722, at *1 (citing *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)). But to be eligible for that relief, the petitioner "must have exhausted his available state remedies." *Id.* (citing *Braden*, 410 U.S. at 488–89; *Dickerson*, 816 F.2d at 224). The Fifth Circuit has elaborated on the exhaustion requirement for seeking a speedy trial in light of *Braden*:

> For example, in *Braden*, the petitioner made repeated unsuccessful demands on the state court to bring his case to trial, "offering the [Kentucky] courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Id.* By contrast, Easterly alleges that, on one occasion, he

6

moved in state court for a fair and speedy trial, and that the court's decision was "unknown." As a result, Easterly has not shown that he placed his constitutional claims squarely before the state court.

*Easterly v. Smith*, 130 F.3d 1491 (5th Cir. 1994) (unpublished table decision) (quoting *Braden*, 410 U.S. at 490) (affirming dismissal of petition for failure to exhaust state court remedies), *reported in full at* No. 93-1981, 1994 WL 398031, at *1.

Tillman has not exhausted. *See* Def. Supp. [29] at 8–9 & n.4; State Ct. R. [30-1]. The record from the state court reflects he has failed to file a motion for a speedy trial. *See* State Ct. R. [23-1, 23-2, 30-1]. Tillman concedes that he "went to the federal court first about [his] problem" because he "felt like everybody [in Scott County] work[s] together." State Ct. R. [30-1] at 7. "'Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden*, 410 U.S. at 508). Tillman cannot bypass his duty to exhaust because his preference is a federal forum. Moreover, the state court record reflects that Tillman has requested, through his counsel, to *delay* his most recent trial setting. State Ct. R. [30-1] at 18 (finding, in an order signed by "Attorney for Defendant," a waiver of speedy trial rights by requesting the continuance and setting the case for trial in June 2024). The undersigned therefore recommends that Tillman's claims seeking to enforce his speedy-trial rights be dismissed without prejudice for failure to exhaust.

III.    Conclusion

The undersigned thus recommends that the Court (1) dismiss with prejudice the claims seeking dismissal of the charge against Tillman and his immediate release and (2) dismiss without prejudice for failure to exhaust any claims seeking an order forcing the state to bring him to trial. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this Report and Recommendation

within fourteen days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 23rd of April, 2024.

s/ *Andrew S. Harris*<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] When the Court serves a document by mail, the parties are considered to have been served on the date the document is mailed. *See* Fed. R. Civ. P. 5(b)(2)(C).